SCHATZ (SCHLITZ v.). See Case No. 12,459.

———————

## Case No. 12,440.

### SCHAUM v. BAKER et al.

[2 Am. Law T. (N. S.) 15.]

Circuit Court D. Maryland. Nov. 1874.

PATENTS—ASSIGNMENT UNDER INSOLVENT LAWS—PATENTEE'S TITLE.

Of the effect of a general assignment under state insolvent laws upon the title of a patentee during original and extended term of the patent. Use as evidence of utility.

Action on the case for infringement of patent. The plaintiff proved that his intestate, Frederick Schaum, was the first and original inventor of certain new and useful improvements in the construction of glass furnaces, for which letters patent were granted to his said intestate on the 25th of April, A. D. 1854, application therefor having been made on the 17th of June, A. D. 1853; that said letters patent were extended to plaintiff, under Act 1836, § 15 [5 Stat. 123], on the 23d day of April, A. D. 1868. The improvement claimed was the making of the external and internal configuration of the breastwork of the furnace wall with re-entering portions, so as to partly embrace the pots and furnish room for additional or extra teaze or ring holes. That the defendants had, during a period of fourteen months, constructed and used furnaces embodying the configuration of the breast wall, as described in said letters patent, was not denied. Plaintiff offered evidence to prove that, by the use of the said improvement, one-third more ware could be made at the same expense, which defendants

denied. Plaintiff further proved that the said improvements were extensively used by defendants and others. Defendants proved that, in 1856, plaintiff's intestate applied for the benefit of the insolvent laws of the state of Maryland, and executed an assignment of all his property, estate, rights, and claims to a permanent trustee for the benefit of his creditors. Defendants further proved that their firm, Baker Bros. & Co., was formed in July, 1872; the suit being instituted in October, 1873.

T. Alex. Seth and Harry E. Mann, for plaintiff.

F. J. Brown and F. W. Brune, contra.

GILES, District Judge (charging jury). 1. That the patent of Frederick Schaum was for two purposes: The construction of glass furnaces by making the external and internal configuration of the breastwork of the furnace wall with re-entering portions, so as—First, to partly embrace the pots; and, secondly, to furnish room for additional or extra teaze or ring holes, more than were to be found in the glass furnaces known and constructed at or before the date of the patent.

2. That the plaintiff was entitled to recover if the jury should believe that plaintiff's intestate was the first and original inventor of a new and useful improvement in glass furnaces, for which he received letters patent, and that said letters patent were extended to the plaintiff, the administrator of the original patentee, then deceased, and should further find that the defendants had, since the granting of said extension and since July 1, 1872, constructed and used a glass furnace or furnaces substantially embracing the improvements described in said letters patent.

3. That, considering the question of utility in the preceding instruction, the jury are instructed that the fact of extensive use by defendants and others is evidence of utility.

4. That, if the jury believe that plaintiff's intestate, Frederick Schaum, in 1856, applied for the benefit of the insolvent laws, and made an assignment to his permanent trustee, the plaintiff is not entitled to recover for breaches of the original patent.

The defendants offered the following prayer, which was rejected:

That, if the jury find that the said Frederick Schaum applied for the benefit of the insolvent laws of Maryland, in 1856, and that William George Read was duly appointed his trustee, then all the interest of said insolvent in said patent and his right to an extension passed to said trustee, and the plaintiff is not entitled to recover.

Verdict for plaintiff.